NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRUCE GRINOLS, | No. C 08-04936 JF (PR) |
| Petitioner, | AMENDED ORDER OF DISMISSAL |
| vs. | |
| THE STATE OF CALIFORNIA, et al., | |
| Respondents. | (Docket Nos. 4, 5 & 13) |

Petitioner, a state prisoner proceeding pro se, filed an "emergency petition for writ of habeas corpus." A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Here, petitioner has not been convicted or sentenced in state court. Rather, he was arrested and detained for violating the terms of his probation from the State of Alaska pursuant to California Penal Code § 1551.1. Petitioner was also charged for violating the

laws of California, *i.e.*, for making criminal threats, (Cal. Penal Code § 422), resisting an officer (Cal. Penal Code § 69), and threatening a public official (Cal. Penal Code § 76(a)(1). Petitioner stated that he entered a "no contest" plea agreement as to the California charges and that sentencing was pending. (See Docket No. 4.) Section 2241 is the proper basis for a habeas petition by a state prisoner, such as petitioner, who is not held "pursuant to the judgment of a State court" within the meaning of 28 U.S.C. 2254. See Hoyle v. Ada County, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre- trial double jeopardy challenge); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

Petitioner has not indicated anywhere in the petition that he has raised the claims raised herein, challenging the state court charges against him, in the California Court of Appeal or the California Supreme Court. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies). No such special circumstances exist to warrant federal intervention at this time. Petitioner may challenge his present detention in habeas petitions filed in the state trial, appellate, and supreme courts. As it is apparent from the petition that he has not yet done so, the present petition is not exhausted. According, the instant petition is DISMISSED for failure to exhaust state court remedies. This dismissal is without prejudice to petitioner returning to federal court after exhausting his state court remedies by presenting his claims to the California Supreme Court.

The Court notes that Petitioner filed a "Complaint" on December 29, 2008 in this habeas matter, alleging civil rights deprivations, inter alia, against several individuals. 42

1  U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or
2  immunities secured by the Constitution and laws' of the United States." <u>Wilder v.
3  Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).[1]  If
4  Petitioner wishes to pursue such claims, he must file a separate civil rights action using
5  the court's form complaint and pay the applicable filing fee.  The clerk shall include two
6  form complaints with a copy of this order to petitioner.

7   Petitioner's application to proceed <u>in forma pauperis</u> (Docket No. 5) is DENIED as
8  moot.  Petitioner has paid the filing fee.  (<u>See</u> Docket No. 16.)

9   The clerk shall terminate all remaining motions (Docket Nos. 4 & 13) as moot.

10   IT IS SO ORDERED.

11  DATED:  __3/18/09_____   _____
12                                                                      JEREMY FOGEL
                                                                             United States District Judge

---

[1] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Order of Dismissal
P:\PRO-SE\SJ.JF\HC.08\Grinols04936_dismissal.wpd         3